UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.  23-CR-20421-RNS
23-CR-20422-RNS

UNITED STATES OF AMERICA

vs.

**HEIDI CID,**

**Defendant.**
_____/

## FACTUAL PROFFER

The United States of America (the "United States") and defendant Heidi Cid (the "defendant") agree that, were these cases to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida and elsewhere:

**The Paycheck Protection Program**

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

In order to obtain a PPP loan, a qualifying business had to be operating on or before February 15, 2020, and submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its

authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must have stated, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan provided documentation to the lending institution confirming their payroll expenses. Typically, businesses would supply documents showing the amount of payroll taxes reported to the Internal Revenue Service ("IRS") such as IRS Forms 941.

A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

PPP loan proceeds were required to be used by the business on certain permissible expenses-payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### Overview of the Conspiracy

Beginning in May of 2020 through July of 2020, the defendant agreed with Lazaro VERDECIA Hernandez, Yadier Rodriguez ARTEAGA, and others to submit false and fraudulent PPP applications for others in exchange for a percentage of the resulting fraudulent loans.

Pursuant to the conspiracy, the defendant, at the direction of Lazaro VERDECIA, submitted approximately 147 false and fraudulent PPP loan applications. Approximately 64 of the false and fraudulent applications were approved, which caused the disbursement of over $14,565,000 to the loan applicants and the defendants. The co-conspirators whose companies received the fraudulently obtained funds paid 40 to 50 percent of the funds to the defendant, VERDECIA, and ARTEAGA, jointly, by cash, checks, and wire transfers. The defendant knew that the payments made to the defendant, VERDECIA, and ARTEAGA were payments for fraudulently obtaining the PPP loan applications.

The defendant submitted the false and fraudulent loans from her residence and business. VERDECIA, ARTEAGA, and others recruited co-conspirators to provide the defendant with their personal and business information to obtain the fraudulent PPP loans. The defendant created false and fraudulent bank statements and IRS Form 941s and submitted the documents to Lender 1 and Lender 2 to falsely inflate each companies' number of employees and payroll. The defendant, VERDECIA, and ARTEAGA knew that the loans contained false employee and payroll information and forged documents and that the loans were fraudulently obtained. The co-conspirators that received the fraudulent loans also knew that the funds were fraudulently obtained. The fraudulent loan application caused an interstate wire from the Southern District of Florida to outside the State of Florida. From June of 2020 through September of 2020, the defendant deposited at least $201,700 of proceeds from the fraudulently obtained loans into accounts the defendant owned and controlled.

As stated above, the defendant and her co-conspirators submitted and caused the disbursement of over $14,565,000 through the submission of over 64 fraudulent PPP loans. Among the 64 loans included loans for the following companies:

### Trueba Body Shop Corp

VERDECIA recruited Jorge TRUEBA LOPEZ to use TRUEBA LOPEZ's personal and business information to file a false and fraudulent PPP loan application for TRUEBA LOPEZ's company, Trueba Body Shop Corp. TRUEBA LOPEZ agreed to split a share of the proceeds of the PPP loan. On May 26, 2020, the defendant submitted a PPP loan application containing false information about the number of employees and monthly payroll of Trueba Body Shop Corp, a forged bank statement, and forged tax documents. On May 27, 2020, Trueba Body Shop Corp received $117,000 in fraudulently obtained PPP funds. On May 28, 2020, TRUEBA LOPEZ transferred $46,800 to a business checking account owned and controlled by VERDECIA. The defendant, VERDECIA and TRUEBA LOPEZ knew that the funds were fraudulently obtained. The funds TRUEBA LOPEZ transferred to VERDECIA were a kickback for obtaining the loan.

### Yadier Rodriguez Arteaga Corp

Yadier Rodriguez ARTEAGA transferred ownership of Yadier Rodriguez Arteaga Corp to Co-conspirator 1 on May 23, 2020. The defendant agreed with Lazaro VERDECIA, Yadier Rodriguez ARTEAGA, and Co-conspirator 1, for the defendant to submit a false and fraudulent PPP loan application for Yadier Rodriguez Arteaga Corp. On May 27, 2020, the defendant filed a fraudulent PPP loan application containing false information about the number of employees and monthly payroll of Yadier Rodriguez Arteaga Corp, a forged bank statement, and forged tax documents. On June 5, 2020, the corporation received $100,000 in PPP funds. On June 9, 2020, Co-Conspirator 1 wired $50,000 to an account owned and controlled by the defendant. The wire transfer to the defendant was the payment to the defendant and VERDECIA for fraudulently obtaining the loan. On July 9, 2020, the defendant sent $19,517.06 of the funds to a real estate

attorney in order to pay off a mortgage for a property owned by one of the VERDECIA's companies. VERDECIA was aware of the wire and knew it was the proceeds of the PPP fraud.

### LVH MA Group, Inc

VERDECIA transferred one of his companies, LVH MA Group, Inc to Co-conspirator 2 in December of 2019. The defendant agreed with VERDECIA and Co-conspirator 2 for the defendant to submit a fraudulent PPP loan application for the company. On June 16, 2020, the defendant submitted a PPP loan application containing false information about the number of employees and monthly payroll of LVH MA Group, Inc, a forged bank statement, and forged tax documents. On June 17, 2020, the corporation received $95,000, the entirety of which was withdrawn in cash by Co-Conspirator 2.

### L&G Ready Mix LLC

Co-conspirator 3 recruited Leonardo LOPEZ GONZALEZ to provide his personal and business information to file a fraudulent PPP loan on behalf of LOPEZ GONZALEZ's company L&G Ready Mix LLC. On June 19, 2020, the defendant submitted a PPP loan application containing false information about the number of employees and monthly payroll of L&G Ready Mix and forged tax documents. VERDECIA and ARTEAGA knew that the defendant filed a fraudulent loan on behalf of LOPEZ GONZALEZ's company. On June 22, 2020, L&G Ready Mix received $465,000 in fraudulently obtained PPP funds. On July 1, 2020, LOPEZ GONZALEZ wired $209,000 to an account owned and controlled by ARTEAGA. The wire was payment for obtaining the fraudulent PPP loan. ARTEAGA and VERDECIA knew that the funds wired to ARTEAGA were the proceeds of a fraudulent PPP loan. ARTEAGA used these funds, together with funds

from Professional Skills, Inc, to purchase a residential property titled to ARTEAGA and VERDECIA. The defendant acted as title agent for the purchase.

### Professional Skills, Inc

Co-conspirator 3 also recruited Giraldo CARABALLO to provide his personal and business information to file a fraudulent PPP loan. On June 23, 2020, the defendant submitted a PPP loan application containing false information about the number of employees and monthly payroll of Professional Skills, Inc and forged tax documents. VERDECIA and ARTEAGA knew that the defendant filed a fraudulent loan on behalf of CARABALLO's company. On June 25, 2020, Professional Skills, Inc received $420,000 in fraudulently obtained PPP funds. On July 7, 2020, CARABALLO wired $168,000 to an account owned and controlled by ARTEAGA. The wire was payment for obtaining the fraudulent PPP loan. ARTEAGA and VERDECIA knew that the funds wired to ARTEAGA were the proceeds of a fraudulent PPP loan. ARTEAGA used these funds, together with funds from L&G Ready Mix, to purchase a residential property titled to ARTEAGA and VERDECIA. As stated above, the defendant acted as title agent for the transaction.

### Search Warrant on the Defendant's Residence

On January 12, 2021, the United States Secret Service executed a search warrant on the defendant's residence. Underneath the defendant's bed, agents discovered $541,181 in United States currency, which constituted proceeds of the PPP loan fraud and was given to the defendant to hold by VERDECIA. Agents also found a Rolex watch. The currency was proceeds of the PPP fraud and VERDECIA purchased the watch for the defendant using proceeds of the fraud. VERDECIA knew that the currency was concealed underneath the defendant's bed.

The agents also found a green notebook containing the names, addresses, social security numbers, and credit card information of several individuals, including victim S.M. The possession of the personal identification information was independent and unrelated to the PPP fraud scheme. The defendant did not have permission to possess the personal identification information of S.M.. S.M. resides outside the state of Florida and the defendant's possession of the information affected interstate commerce.

The parties agree that these facts, which do not include all facts known to the United States and the defendant, are sufficient to prove Count 1 and Count 2 of the Indictments.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 4/22/24

By: _____
THOMAS HAGGERTY
ASSISTANT UNITED STATES ATTORNEY

Date: 4/22/2024

By: _____
for DAVID OSCAR MARKUS
COUNSEL FOR DEFENDANT

Date: 4/22/2024

By: _____
MARGOT MOSS
COUNSEL FOR DEFENDANT

Date: 4/22/2024

By: _____
HEIDI CID
DEFENDANT

7